UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON LARA,

Petitioner,

-v-

SUPT. WILLIAM F. KEYSER,

Respondent.

19-CV-7776 (JMF)

OPINION AND ORDER

JESSE M. FURMAN, United States District Judge:

Jason Lara, a state prisoner proceeding without counsel, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 2 ("Pet."). Lara was convicted in state court, following a jury trial, of burglary in the second degree and then adjudicated a "persistent violent felony offender" based on two prior New York State convictions. In this Petition, Lara raises two arguments that he raised, without success, on appeal: that the trial court erred by (1) denying his challenge to the constitutionality of one of the predicate convictions; and (2) that his sentence — of eighteen years to life in prison — violates the Eighth Amendment.

For the reasons that follow, the Court denies his Petition.

## BACKGROUND

On October 7, 2008, Lara met Sermit Demir at Blue Chelsea, a Manhattan sex shop. ECF No. 12-1 ("Trial Tr."), at 112-13.[1] The two went to Demir's apartment, where they had sexual intercourse. *Id*. at 121, 125-27, 260-62, 276-77. Before leaving, Lara accused Demir of

[1] Page numbers for all documents other than the trial transcript refer to those generated by the Court's electronic filing system.

stealing a DVD and, when Demir turned his back, Lara started choking him. *Id*. at 129, 265. The two "struggled" throughout the apartment. *Id*. at 130-32. Demir blacked out and, when he awoke, he observed Lara stealing coins and struggling to open the front door to leave the apartment. *Id*. at 134, 135, 266. Demir opened the door hoping that Lara would leave, but when Demir tried to close the door behind Lara, Lara forced it back open and demanded Demir's phone. *Id*. at 136-37, 267, 283-85, 321. Demir screamed, and Lara ran out of the apartment. *Id*. at 320. Lara was arrested the following day.

**A. The Trial and First Sentencing**

On April 24, 2012, following a jury trial in New York State Supreme Court, New York County, a jury convicted Lara of second-degree burglary. *See* Pet. 25. In 1995 and 2001, Lara had been convicted, upon pleas of guilty, of attempted robbery in the second degree and, thus, he qualified for enhanced sentencing as a "persistent violent felony offender" under New York State law. *See* ECF No. 11-1, at 6-7; *see also* N.Y. Penal Law §§ 70.02(1), 70.08(1); N.Y. Criminal Procedure Law ("C.P.L.") § 400.16. Accordingly, on July 31, 2012, the trial court adjudicated Lara a "persistent violent felony offender" and sentenced him principally to an indeterminate prison term of eighteen years to life.

**B. Lara's First Section 440.20 Motion and Consolidated Appeal**

In September 2013, prior to perfecting his direct appeal, Lara filed a motion pursuant to N.Y.C.P.L. § 440.20 to vacate his sentence on the ground that the trial court should not have deemed his 2001 conviction a predicate offense because the trial judge presiding over the 2001 proceedings had failed to inform him of the mandatory post-release supervision ("PRS") term prior to accepting his guilty plea, in violation of *People v. Catu*, 825 N.E.2d 1081 (N.Y. 2005).

The trial court denied Lara's motion, but granted him leave to appeal to the Appellate Division, an appeal that was then consolidated with his direct appeal. ECF No. 11-1, at 42.

On July 7, 2015, the Appellate Division, First Department, affirmed Lara's conviction, but vacated his sentence on the grounds that the attorney who had represented him when he was adjudicated as a persistent felony offender provided ineffective assistance of counsel by failing to argue that the *Catu* violation rendered the 2001 conviction unconstitutional for predicate felony purposes. *See People v. Lara*, 13 N.Y.S.3d 74, 76 (N.Y. App. Div. 2015). The Appellate Division, having ordered a plenary sentencing hearing, dismissed as "academic" Lara's second claim that his sentence was excessive and did not address his claim that his sentence violated the Eighth Amendment's prohibition on cruel and unusual punishment. *Id.*

**C. Lara's 2015 Resentencings**

Several months after deciding Lara's consolidated appeal, the Appellate Division, First Department, held in a different case that *Catu* applied retroactively — that is, that a conviction obtained in violation of *Catu* may not be counted as a predicate offense for sentencing in a later conviction. *People v. Smith*, 17 N.Y.S.3d 701, 702 (N.Y. App. Div. 2015). In light of that decision, the trial court later deemed Lara to have only one qualifying predicate violent felony — his 1995 conviction — and it resentenced him to ten years' imprisonment and five years' PRS. ECF No. 12-2, at 224. Thereafter, Lara argued that, if his 2001 conviction did not qualify as a valid predicate, his 1995 conviction did not count either because it was too old as a matter of state law. *See* N.Y. Penal Law § 70.06(1)(b). The trial court agreed and, on December 1, 2015, resentenced him once again — this time as a first violent felony offender to nine years' imprisonment and five years' PRS. ECF No. 12-2, at 236.

**D. Lara's 2017 Resentencing**

That was not the end. In November 2016, the New York Court of Appeals reversed the First Department's decision in *Smith*, holding that *Catu* may *not* be applied retroactively to disqualify a prior conviction as a predicate offense for purposes of enhanced sentencing on a later conviction. *People v. Smith*, 66 N.E.3d 641, 655 (N.Y. 2016). In light of that decision, the trial court in 2017 scheduled the matter for resentencing yet again. ECF No. 11-1, at 57.

At his 2017 resentencing, Lara argued that his 2001 conviction should be disqualified on the ground that his guilty plea was unknowing, involuntary, and unintelligent because he was not aware of the PRS term. *Id*. at 68. He alleged that his attorney in the 2001 case had never advised him that this sentence would include a PRS term and maintained that he was prejudiced by the error because he would not have pleaded guilty to the 2001 charge if he had known about the PRS component. *Id.* at 73-75. He attached an affirmation stating that because of mental illness and a prior traumatic brain injury, he knew that it would be "particularly difficult" for him to comply with the PRS requirement. *Id.* at 80.

The trial court rejected Lara's challenge to his 2001 predicate conviction, holding that he failed to demonstrate it was obtained unconstitutionally. The trial court took into consideration "the favor-ability [sic] of the plea, the potential consequences the defendant might face upon a conviction after trial, [and] the strength of the People's case," and determined that knowledge of the PRS component would not have affected Lara's decision to plead guilty. *Id*. at 121 (quoting *People v. Peque*, 3 N.E.3d 617, 638 (N.Y. 2013) (other citations omitted)). Moreover, the trial court found that Lara had in fact been aware of the PRS component as evidenced by his attempt, documented in the sentencing minutes, to negotiate a shorter PRS period and his failure to

withdraw his guilty plea. *Id.* at 122. On September 8, 2017, the trial court sentenced Lara to a term of sixteen years to life imprisonment. ECF No. 12-2, at 255.

**E. The Appellate Division's 2018 Re-Imposition of the 2012 Sentence**

On appeal from the 2017 resentencing, Lara argued the same grounds that he presses here, namely that (1) during the 2017 resentencing, the trial court erroneously denied his constitutional challenge to his 2001 predicate conviction without holding a hearing; and (2) that his sentence violated the Eighth Amendment. The People filed a cross-appeal, arguing that the trial court had no authority to hold a plenary resentencing hearing and should have reimposed the original 2012 sentence of eighteen years to life.

On December 6, 2018, the Appellate Division ruled in favor of the People. That is, the appellate court reversed the 2017 judgment, vacated the sixteen-years-to-life sentence, and reinstated the original July 31, 2012 sentence of eighteen years to life in prison on the ground that the trial court lacked authority to revisit its sentence and was instead required to reinstate the original sentence. *See People v. Lara*, 89 N.Y.S.3d 154, 155-56 (N.Y. App. Div. 2018). The Appellate Division also held that Lara's challenge to his 2001 conviction was barred by N.Y.C.P.L. § 400.15(7)(b) because he had failed to raise that argument at his 2012 sentencing. *Id.* at 155. The Appellate Division also determined that "the 2017 resentencing court correctly determined that [Lara's] pre-*Catu* prejudice claim was refuted by the record of the 2001 proceedings and did not warrant an evidentiary hearing." *Id.* Finally, the Appellate Division held that Lara's sentence was not "unconstitutionally severe." *Id.*

The New York State Court of Appeals denied Lara's application for leave to appeal. *See People v. Lara*, 122 N.E.3d 1130 (N.Y. 2019). This petition for a writ of habeas corpus followed.

## DISCUSSION

As a general matter, the writ of habeas corpus may be granted "with respect to any claim that was adjudicated on the merits in State court proceedings" only if (1) the state court's denial of petitioner's claim "resulted in a decision that was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States"; (2) the state court's denial of relief "resulted in a decision that . . . involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States"; or (3) the state court's denial of relief "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Cruz v. Superintendant*, No. 13-CV-2414 (JMF), 2016 WL 2745848, at *5-6 (S.D.N.Y. May 11, 2016). The Court is obliged to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Tragath v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

Applying these deferential standards here, the Court concludes that Lara's petition for habeas corpus must be denied.

### A. Lara's Attack on the 2001 Predicate Conviction

Lara's initial claim — attacking the constitutionality of his 2001 conviction — fails for at least two independent reasons. First, the claim is not cognizable on federal habeas review. The Supreme Court has held that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as

conclusively valid." *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 403 (2001). If the valid conviction is later used to enhance a sentence, "the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id.* at 403-04; *see, e.g.*, *Ramirez v. Superintendent of Shawangunk Corr. Facility*, No. 17-CV-7185 (PAE) (HBP), 2019 WL 3719664, at *4 (S.D.N.Y. Jan. 2, 2019), *report and recommendation adopted*, 2019 WL 3714992 (S.D.N.Y. Aug. 6, 2019) (denying a federal habeas petition seeking to challenge a prior conviction used to enhance a subsequent conviction).

Here, Lara seeks to do precisely what *Lackawanna* prohibits: to invalidate the enhanced sentence for his 2012 conviction by attacking the constitutionality of his 2001 conviction. The only exception to the rule in *Lackawanna* is if the predicate conviction "was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 336 [1963]." *Id.* at 404. But that exception does not apply here, as Lara was represented by counsel during the 2001 proceedings. *See, e.g.*, ECF No. 11-1, at 82-85.[2] And while Lara may argue that his attorney in the 2001 proceedings provided ineffective assistance of counsel, the "exception for a *Gideon*-like challenge for failure to appoint counsel does not extend to a claim of ineffective assistance of counsel." *Ocasio v. Smith*, No. 07-CV-2754 (BSJ) (AJP), 2008 WL 110938, at * 17 n.35 (S.D.N.Y. Jan. 8, 2008); *see, e.g.*, *Hamm v. Comm'r, Ala. Dep't of Corrs.*, 620 F. App'x 752, 768 (11th Cir. 2015) (per curiam) ("[I]n

---

[2] Justice O'Connor, writing for a plurality in *Lackawanna*, suggested that there might be two other exceptions to the rule in *Lackawanna*: where the state court "refuse[d] to rule on a constitutional claim that had been properly presented to it" and the petitioner had "compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner." 532 U.S. at 405-06. To the extent that these are valid exceptions to the rule, they would not apply here.

carving a *Gideon* exception out of the rule in [*Lackawanna*], the Supreme Court did not intend to include ineffective-assistance claims as part of that exception."); *Davis v. Roberts*, 425 F.3d 830, 835 (10th Cir. 2005) ("[P]risoners are not entitled to an exception [to the general *Lackawanna* rule] on the ground that their counsel provided inadequate representation.").

Lara's first claim could be construed as a challenge to the trial court's failure to hold a hearing, not to its ruling on the substantive constitutionality of his 2001 conviction. But construed in that manner, however, the claim fares no better. Federal habeas review is generally not available to challenge a trial court's decision not to hold an evidentiary hearing during post-conviction proceedings. *See, e.g.*, *Jamison v. Griffin*, No. 15-CV-6716 (PKC) (AJP), 2016 WL 1698350, at *55 (S.D.N.Y. Apr. 27, 2016), *report and recommendation adopted*, 2016 WL 4030929 (S.D.N.Y. July 27, 2016); *Millington v. Lee*, No. 11-CV-0499 (LGS) (DCF), 2015 WL 1402133, at *10 (S.D.N.Y. Mar. 26, 2015). And given the facts in the record, including Lara's affidavit and the sentencing minutes from the 2001 conviction, it cannot be said that the failure to hold a hearing resulted in an "unreasonable determination of the facts." 28 U.S.C. § 2254(d); *see, e.g.*, *Garcia v. Portuondo*, 104 F. App'x 776, 779-80 (2d Cir. 2004) (summary order) ("We agree with the District Court that the state court's refusal to hold a hearing under these circumstances 'resulted in a decision' that was 'an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'").

Second, and in any event, Lara's first claim fails because the Appellate Division's decision rested on an independent and adequate state-law ground. As a general rule, a federal court "will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment." *Downs v. Lape*, 657 F.3d 97, 101 (2d Cir. 2011) (internal

quotation marks omitted) (quoting *Cone v. Bell*, 556 U.S. 449, 465 (2009)). Significantly, that rule applies where "the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar . . . , even where the state court has also ruled in the alternative on the merits of the federal claim. Thus, even when a state court says that a claim is 'not preserved for appellate review' but then rules 'in any event' on the merits, such a claim is procedurally defaulted." *Green v. Travis*, 414 F.3d 288, 294 (2d Cir. 2005) (some internal quotation marks and citations omitted). That is the case here. Under New York law, if a defendant facing an enhanced sentence based on a prior conviction failed to challenge the previous conviction at the time of the predicate offender adjudication, such failure "constitutes a waiver on the part of the defendant of any allegation of unconstitutionality," absent a showing of good cause. N.Y.C.P.L. § 400.15(7)(b). Applying that well-established rule, the Appellate Division held that Lara's challenge to the constitutionality of his 2001 predicate conviction was barred because he failed to raise the claim at his 2012 sentencing proceedings. *See Lara*, 89 N.Y.S.3d at 155. It follows that Lara's habeas claim is procedurally barred. *See, e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *see also, e.g.*, *Ramirez*, 2019 WL 3719664, at *5-6 (denying a habeas claim on the ground that the state court's rejection of the claim under § 400.15(7)(b) constituted an independent and adequate state-law ground).

**B. Lara's Eighth Amendment Claim**

Lara's second claim — that his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment — also fails. It is well established that "[a]n excessive sentence claim may not provide grounds for habeas corpus relief where a petitioner's sentence is within the range prescribed by state law." *Edwards v. Superintendent, Southport C.F.*, 991 F. Supp. 2d 348, 372 (E.D.N.Y. 2013); *see also White v. Keane*, 969 F.2d 1381, 1383 (2d Cir.

1992) ("No federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law."). Here, Lara was sentenced to an indeterminate term of eighteen years to life, a term of imprisonment well within the range prescribed by state law for a persistent violent offender. *See* N.Y. Penal Law § 70.08(2), (3)(b) (providing that a persistent violent offender is subject to an indeterminate sentence with a mandatory minimum of between sixteen and twenty-five years and a required maximum of life imprisonment). On its face, therefore, Lara's sentence does not violate the Eighth Amendment.

Lara makes two more case-specific arguments for why his sentence is cruel and unusual: (1) because a severe beating he suffered as a teenager left him cognitively impaired, and he is therefore less morally culpable for his crime; and (2) because his offense was a "burglary in name only." Pet. 9-10. In neither instance, however, can he show that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In support of his first argument, he cites *Atkins v. Virginia*, 536 U.S. 304 (2002), in which the Supreme Court held that that the execution of "mentally retarded persons" is prohibited by the Eighth Amendment. But no court, least of all the Supreme Court, has extended *Atkins* to the noncapital context, let alone issued a ruling that would suggest that Lara's sentence is unconstitutional. *See also, e.g.*, *Harmelin v. Michigan*, 501 U.S. 957, 994-96 (1991) (discussing the "qualitative difference between death and all other penalties"). Lara's second argument amounts to little more than an effort to relitigate his sentence, which is not cognizable on federal habeas review. In any event, given that the Supreme Court has upheld the constitutionality of prison sentences as harsh as life without parole for a conviction of cocaine possession, *see id.* at 957, and twenty-five years to life for theft of a few golf clubs under California's "three-strikes" recidivist statute, *see*

*Ewing v. California*, 538 U.S. 11 (2003), Lara cannot show that his sentence as a persistent violent offender is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1).

## CONCLUSION

For these reasons, the Court denies Lara's habeas petition. As Lara has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *see also, e.g.*, *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). Moreover, the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to close this case, and to mail a copy of this Opinion and Order to Lara at the address below.

SO ORDERED.

Dated: June 12, 2020
New York, New York

JESSE M. FURMAN
United States District Judge

Mail to: Jason Lara
DIN No. 12-A-3722
Sullivan Correctional Facility
P.O. Box 116
Fallsburgh, NY 12733-0116